### JAMES A. DONOVAN *vs.* MEMBERS OF STATE BOARD OF LABOR AND INDUSTRIES.

Suffolk.    November 15, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, CROSBY, & CARROLL, JJ.

*State Board of Labor and Industries.*

Under St. 1912, c. 726, establishing the State board of labor and industries, one S was appointed on July 30, 1913, a member of the board for the term of three years. His commission provided that he was "to hold said trust for the term of three years, ending on the first day of March in the year nineteen hundred and sixteen, and until his successor shall have been appointed and qualified, unless sooner removed therefrom." On March 11, 1914, all the members of the board were removed and in the new appointments one G was appointed in the place of S. On July 6, 1915, G resigned and on August 11, 1915, D was appointed in his place. On the same day he received a commission which stated that he was "to hold said trust for the term of four years, ending on the first day of March in the year nineteen hundred and nineteen, and until his successor shall have been appointed and qualified, unless sooner removed therefrom." He never was removed, but the Governor with the consent of the Council on May 10, 1916, appointed in his place one R, who qualified as a member of the board; whereupon D filed a petition for a writ of mandamus to compel the board to recognize him as a member of the board instead of R. *Held,* that the term of office of

S and of each of his successors ended on March 1, 1916, and that therefore when R was appointed on May 10, 1916, and qualified as a member of the board, the petitioner's right to hold the office came to an end, and that his petition for a writ of mandamus must be dismissed.

PETITION, filed on May 18, 1916, for a writ of mandamus addressed to the members of the State board of labor and industries commanding them to recognize the petitioner as a member of that board instead of one Samuel Ross, alleged to be holding that office unlawfully.

The case was heard by *De Courcy*, J., who ruled as a matter of law, and without exercising his discretion, that the petitioner was not entitled to a writ of mandamus. The petitioner alleged exceptions.

*F. W. Mansfield & J. A. Donovan*, for the petitioner, submitted a brief.

*W. H. Hitchcock*, Assistant Attorney General, for the respondents.

CROSBY, J. This is a petition for mandamus brought against the respondents as members of the State board of labor and industries, seeking to compel them to recognize the petititioner as a member of the board instead of one Samuel Ross, who, it is alleged by the petitioner, is holding his position unlawfully. The case was heard by a single justice of this court, who ruled as matter of law that the petitioner was not entitled to a writ of mandamus and dismissed the petition. The case is before us upon the petitioner's exception to the foregoing ruling. The facts as agreed to by the parties are recited in the bill of exceptions.

The State board of labor and industries was established by St. 1912, c. 726. The provisions of the statute, so far as material to the questions here raised, are as follows:

"Section 1. There is hereby established a State board of labor and industries to be composed of five persons who shall be appointed by the Governor, with the advice and consent of the Council. The terms of office of the members of the board shall be five years, except that when first appointed one of the members shall be appointed for four years, one for three years, one for two years, and one for one year, the member at that time appointed for five years to be chairman. Thereafter a member shall be appointed each year, for a term of five years. . . . The Governor,

with the advice and consent of the Council, shall have power to fill by appointment for the unexpired term any vacancy that may occur in the board."

"Section 16. This act shall take effect on the first day of June, nineteen hundred and thirteen, except that so much of the act as provides for the appointment of the members of the board and of the commissioner, deputy commissioners and necessary clerical. assistants shall take effect on the first day of March, nineteen hundred and thirteen."

On July 30, 1913, the original members of the board were appointed and confirmed in conformity with the provisions of § 1. The appointee for the three years' term was one Channing Smith, whose commission provided that he was "to hold said trust for the term of three years, ending on the first day of March in the year nineteen hundred and sixteen, and until his successor shall have been appointed and qualified, unless sooner removed therefrom." The commissions of the other members were in the same form, with the appropriate change in the date of the expiration of their respective terms.

On March 11, 1914, the Governor with the advice and consent of the Council removed all the members of the board from their offices. On April 8, 1914, he nominated a new board, specifying in each instance the former member of the board whom each new appointee was to succeed. Selskar M. Gunn was nominated at this time in place of Channing Smith. These nominations were duly confirmed by the Council, and commissions in the form already described were issued to the several appointees respectively for the unexpired terms of the removed members ending on the first day of March in the appropriate years.

On or before July 6, 1915, Selskar M. Gunn resigned as a member of the board and the petitioner was nominated in his place. He was confirmed by the Council August 11, 1915, and the same day received a commission and qualified as a member of the board. His commission recited that he was "to hold said trust for the term of four years, ending on the first day of March in the year nineteen hundred and nineteen, and until his successor shall have been appointed and qualified, unless sooner removed therefrom." On April 26, 1916, the Governor nominated the respondent Samuel Ross to be a member of the board as the successor of the petitioner.

This nomination was confirmed by the Council on May 10, 1916, and Ross duly qualified as a member of the board. The petitioner contends that, by virtue of his appointment and the terms of his commission, until removed he is entitled to hold the office for the term of four years ending March 1, 1919.

The question presented therefore is, From what date did the original term of Channing Smith begin to run? Did his term begin July 30, 1913, when he was appointed one of the first members of the board, or did it begin March 1, 1913, as specified in his commission? The provision of the statute that the term of one member of the board should expire each year shows that the board should be a continuing one. The statute was approved June 10, 1912, and by its express terms went into effect June 1, 1913. But it was also expressly provided that as to the appointment of members of the commission, it should take effect on March 1, 1913. When §§ 1 and 16 are considered together, we cannot escape the conclusion that it was the intention of the Legislature that the terms of the members of the board originally appointed should begin on the first day of March, 1913, and that the term of one member of the board should expire on the first day of March in each year thereafter. So construed, the term of Channing Smith began on March 1, 1913; the appointment of his successor Gunn was to fill the vacancy caused by the removal of Smith, and was for the unexpired term. The appointment of the petitioner after the resignation of Gunn, also must be construed as an appointment to fill the vacancy for the remainder of Smith's original term which expired on the first day of March, 1916, or whenever thereafter his successor should be appointed and qualified. *Attorney General* v. *Loomis, ante,* 372.

We are of opinion that the petitioner's appointment was valid as an appointment for the unexpired term, namely, until March 1, 1916, and until his successor was appointed and qualified; but it was invalid so far as it purported to be an appointment for a period longer than the original term created by the appointment of Smith. Accordingly, the term of the petitioner ended on March 1, 1916; after that date he could hold the office only until his successor was duly appointed and qualified. And as the respondent Ross was appointed as the petitioner's successor on April 26, 1916, and was confirmed by the Council on May 10 following,

the petitioner's right to hold the office ended on the last named date.

It follows that the entry must be

*Exceptions overruled.*